IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:23-CR-38-KAC-DCP |
| ) | |
| ANDREW SHAFER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Andrew Shafer's Motion to Continue Trial [Doc. 15], filed on May 26, 2023.

In his motion, Defendant asks the Court to continue the May 30, 2023 trial date and corresponding plea deadline. Defendant was arraigned on March 23, 2023, on a two-count Indictment for wire fraud in violation of 18 U.S.C. § 1343. Counsel for Defendant states that he has received and reviewed discovery, but is continuing to investigate the nature and circumstances of the matter as well as the history and characteristics of Defendant pursuant to 18 U.S.C. § 3553. Counsel also relates that he is currently engaging in plea negotiations with the Government and anticipates a plea agreement may be reached in the coming weeks. Counsel submits that the requested continuance is not meant to be dilatory but, rather, is meant to render effective assistance of counsel. Finally, counsel states that he has spoken with counsel for the Government, who has no objection to the requested continuance.

Based upon the information provided by Defendant in his motion and the lack of opposition by the Government, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making

this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs additional time to investigate matters related to the instant charges as well as Defendant's history and characteristics. Counsel also requests additional time to engage in plea negotiations with the Government. In the event such negotiations are not fruitful, counsel will need time to prepare for trial. All of this cannot be done by the May 30, 2023 trial date.

The Court therefore **GRANTS** Defendant Shafer's Motion to Continue Trial [**Doc. 15**]. The trial of this case is reset to **July 10, 2023**. A new, comprehensive, trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on May 26, 2023, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), -(h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Shafer's Motion to Continue Trial [**Doc. 15**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **July 10, 2023, at 9:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **May 26, 2023**, and the new trial date of **July 10, 2023**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 23, 2023**;

(5) The deadline for filing motions *in limine* is **June 26, 2023**;

(6) The parties are to appear before the undersigned for a final pretrial conference on **June 27, 2023, at 10:30 a.m.**; and

2

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 30, 2023**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge